MANN, Chief Judge.
Keener’s 1952 Pontiac was manufactured 20 years before automobiles were required in Florida to have two tail lamps,[1] but a policeman stopped him. Keener got out of the car and came back toward the officer. He exhibited his driver’s license, which was in order. The officer checked by radio on the license tag and determined that the automobile was not stolen. Its inspection sticker was current. The officer testified that his “curosity” was “kind of aroused” and he began to interrogate Smith, who was the passenger in the car. An ordinary brown grocery bag was under the seat and the officer inquired about it. Finally Smith grabbed the bag, threw it across the car to the floor board on the driver’s side, told the officer, “I guess I don’t have a name” and fled. The bag contained marijuana. It was not suppressed. It should have been.
There are now many circumstances in which an officer who does not have probable cause to make an arrest is justified in detaining a citizen to determine whether a *514 crime has been committed.[2] It may well have been proper for the officer to stop this car, equipped with one taillight when the law required two. Most citizens would appreciate knowing that one light was out. We need not determine this question. Assuming that the police officer was then acting properly, he later went too far without legal cause.
Reversed and remanded.
HOBSON and GRIMES, JJ., concur.

. Fla.Stat. § 316.221, F.S.A., (1971).

. See, LaFave, “Street Encounters” and the Constitution: Terry, Sibron, Peters, and Beyond, 67 Mich.L.Rev. 40 (1968) ; and numerous authorities cited therein, and the Florida cases on pretextual arrest cited in State v. Holmes, Fla.App.2d 1971, 256 So.2d 32.